1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   RICHARD T. CANN,                        )        NO. CV 03-8359-CT
                                             )
11                    Plaintiff,             )
                                             )        ORDER RE: COUNSEL'S
12             v.                            )        PETITION FOR ATTORNEY FEES
                                             )        PURSUANT TO
13   MICHAEL J. ASTRUE, Commissioner of )             42 U.S.C. § 406(b)
     Social Security,[1]                     )
14                                           )
                                             )
     Defendant.                              )
15                                           )
                                             )
16

17        On February 19, 2008, Lawrence D. Rohlfing, counsel for plaintiff

18   ("counsel"), filed a motion for attorney's fees pursuant to 42 U.S.C.

19   section 406(b) ("section 406(b)").  Counsel seeks attorneys' fees in

20   the amount of $4,310.00 for 12.5 hours of attorney time and 6.1 hours

21   of paralegal time spent litigating proceedings before this court.

22   (Motion at 3; Declaration of Lawrence D. Rohlfing, ¶ 5).

23        On March 10, 2008, defendant filed a response to the motion.  In

24   the response, defendant states that, because the Commissioner has no

25   direct financial stake, it is not in a position to either assent or

26   ─────────────────────

27        [1]On February 1, 2007, Michael J. Astrue became the Commissioner of
     Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil
     Procedure, Michael J. Astrue should be substituted, therefore, for
28   Commissioner as the defendant in this suit.

1   object to the fee request.  (Response at 2).  Rather, the Commissioner

2   "plays a part in the fee determination resembling that of a trustee

3   for the [plaintiff]."  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 798 n.6

4   (2002).  On March 12, 2008, counsel filed a reply.

## SUMMARY OF PROCEEDINGS

6        On November 19, 2003, plaintiff Richard T. Cann ("plaintiff")

7   filed a complaint seeking judicial review of the denial of benefits by

8   the Commissioner pursuant to the Social Security Act (the "Act").  The

9   parties filed a consent to proceed before the magistrate judge.  On

10  March 25, 2004, on the parties' stipulation, the court ordered that

11  the case be remanded back to the Commissioner for further proceedings.

12  On April 8, 2004, again pursuant to the parties' stipulation, the

13  court ordered that plaintiff's counsel be awarded $2,450.00 in fees

14  under the Equal Access to Justice Act ("EAJA").

15       On remand, plaintiff was awarded $44,173.33 in past-due benefits.

16  (Declaration of Lawrence D. Rohlfing, ¶ 4, Exhibit 3; Defendant's

17  Response at 2).  As noted above, plaintiff's counsel currently seeks a

18  fee award for services performed in this court of $4,310.00 payable

19  from the past-due benefits awarded with an order to reimburse

20  plaintiff $2,450.00, which is the amount of EAJA fees that counsel

21  already has been paid.  (Motion at 3).

## DISCUSSION

23       Section 406(b) provides, in pertinent part:

24       Whenever a court renders a judgment favorable to a
         [plaintiff] under this subchapter who was represented *before*
25       *the court* by an attorney, the court may determine and allow
         as part of its judgment a reasonable fee for *such*
26       *representation*, not in excess of 25 percent of the total of
         past-due benefits to which the [plaintiff] is entitled by
27       reason of such judgment, and the Commissioner of Social

28                                       2

Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

§ 406(b)(1)(A) (emphasis added).  Thus, a "prevailing [disability plaintiff's] [attorneys'] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. at 792.

In Gisbrecht, the Supreme Court held that section 406(b) does not displace contingent-fee agreements that are within that statutory ceiling.  535 U.S. at 793, 807.  Rather, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. at 807.  The Court held that where plaintiff and counsel had entered into a lawful contingent-fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[2]  Id. at 793.

The Court concluded that contingent-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  Id. at 807.  Within the 25 percent boundary, "the attorney for the successful [plaintiff] must show that the fee sought is reasonable for the services rendered."  Id.

Here, under the written contingent-fee agreement, plaintiff has

---

[2]Under the "lodestar" method, attorneys' fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee.  See Gisbrecht, 535 U.S. at 797 (discussing the application of the "lodestar" method in the Ninth Circuit).  The "lodestar" may be adjusted upward or downward to account for a variety of factors.  Id. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 1 (1976)).

1  agreed to pay to counsel a fee equal to 25 percent of the past-due

2  benefits awarded for work performed in proceedings before this court.

3  (Declaration of Lawrence D. Rohlfing, ¶ 2, Exhibit 1 at ¶ 4).  As set

4  forth above, plaintiff's counsel is seeking an award of $4,310.00,

5  which is less than 25 percent of the past-due benefits awarded to

6  plaintiff.[3]

7       However, as explained above, although the court must respect

8  contingent-fee agreements, the court has a duty to determine whether

9  such agreements will yield "reasonable results in particular cases."

10  Gisbrecht, 535 U.S. at 807.  The court may consider factors such as

11  the character of the representation and the results achieved.  Id. at

12  808.  If the attorney is responsible for delay, "a reduction is in

13  order so that the attorney will not profit from the accumulation of

14  benefits during the pendency of the case in court."  Id. (citing

15  Rodriquez v. Bowen, 865 F.2d 739, 746-47 (6th Cir. 1989)).  Similarly,

16  "[i]f the benefits are large in comparison to the amount of time

17  counsel spent on the case, a downward adjustment is similarly in

18  order."  Id. (citing Rodriquez v. Bowen, 865 F.2d at 747).

19       The Supreme Court in Gisbrecht did not provide clear guidelines

20  as to how courts should go about making a "downward adjustment" where

21

22

---

23  [3]Twenty-five percent of $44,173.33 is $11,043.33.  Counsel represents
    that he is also seeking an award of $7,000.00 for attorneys fees under 42

24  U.S.C. § 406(a) for representation in the administrative proceedings. (Motion
    at 23).  Counsel represents that he will remit any amount to the extent that

25  the gross fees received exceed $11,043.22. (Motion at 23 n. 13).  This court
    makes no determination as to the fees that should be awarded for work counsel
    performed in the administrative proceedings pursuant to 42 U.S.C. § 406(a).

26  See MacDonald v. Weinberger, 512 F.2d 144, 146 (9th Cir. 1975)(holding that
    the federal district court had no authority to award fees for work performed
    in the administrative proceedings, "that power being granted to the Secretary

27  alone.").

28                                      4

1   an award of the full contingent fees would result in a windfall.[4]

2   However, the Court did instruct that, "as an aid to the court's

3   assessment of the reasonableness of the fee yielded by the fee

4   agreement," the court may require counsel to submit "a record of the

5   hours spent representing the claimant and a statement of the lawyer's

6   normal billing charge for non-contingency fee cases." Gisbrecht v.

7   Barnhart, 535 U.S. at 808.

8       In this case, counsel achieved a good result for his client and

9   counsel was not responsible for any undue delay in the proceedings

10  which would warrant a reduction in the award.  In addition, the risk

11  inherent in counsel's contingent-fee arrangement, which is not

12  insignificant considering the standard of review in social security

13  cases, should be considered.  See Hearn v. Barnhart, 262 F.Supp.2d

14  1033, 1037 (N.D. Cal. 2003)(noting that reasonable contingency fee

15  arrangements for which there runs a substantial risk of loss may

16  warrant fees that result in a de facto hourly rates that exceed those

17  charged for non-contingency fee arrangements).

18      Further, although the past benefits awarded were large in

19  comparison to the hours spent, the record that counsel had to review

20  was approximately 450 pages, and, although counsel ultimately was able

21  to convince the Commissioner to agree to a stipulated remand, counsel

22  nonetheless had to prepare and file plaintiff's motion for summary

23

24      ───────────────────
        [4]In his dissenting opinion, Justice Scalia expressed concern that the
25  Court's opinion "does nothing whatever to subject these fees to anything
    approximating a uniform rule of law."  535 U.S. at 809 (Scalia, J.,
26  dissenting).  In fact, district courts following Gisbrecht have not adopted a
    uniform approach to assessing the reasonableness of 406(b) fees sought. See
27  Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-72 (C.D. Cal. 2006)(surveying the
    decisions applying Gisbrecht to section 406(b) petitions).

28                                      5

1  judgment before defendant's stipulation was obtained.

2      Given the 12.5 hours spent by counsel before this court, and

3  assuming a paralegal fee of $96.00 per hour (equal to the hourly rate

4  paid under the EAJA), the fees sought by counsel would result in a de

5  facto hourly rate of approximately $300.00 per hour.[5]  Although the

6  proof of service indicates that plaintiff was served with a copy of

7  the motion, plaintiff has filed no objections to the fees requested.

8  In light of the factors discussed above, including the contingency

9  nature of counsel's representation, and considering awards in other

10  cases, the court finds that the fees sought are reasonable.  See

11  Ellick v. Barnhart, 445 F.Supp.2d 1166, 1173-74 (C.D. Cal.

12  2006)(awarding fees at a de facto rate of $550 per hour for attorney

13  hours and $238.63 for paralegal hours); Grunseich v. Barnhart, 439

14  F.Supp.2d 1032, 1035 (C.D. Cal. 2006)(awarding fees at a de facto rate

15  of $120.00 per hour for paralegal work and $600.00 per hour for

16  attorney time).

17                              **CONCLUSION**

18      For the foregoing reasons, this court orders that the petition

19  for attorney's fees pursuant to 42 U.S.C. section 406(b) be **GRANTED** as

20  follows.  Counsel is awarded attorneys' fees in the amount of

21  $4,310.00 for representation of plaintiff before this court.  Counsel

22  //

23  //

24

25      [5]The fees awarded for paralegal time under the EAJA were $585.42.
    (Declaration of Lawrence D. Rohlfing, Ex. 4).  Subtracting that amount from
26  the total fees requested results in an effective hourly rate of $297.97 per
    hour for attorney time ($4,310.00 - $585.42 = $3,724.58 for attorney time;
27  and, $3,724.58 / 12.5 hours = $297.97 per hour).

28                                       6

1 | is ordered to reimburse plaintiff for the previous payment of EAJA

2 | fees in the amount of $2,450.00.

3 |

4 | DATED: March 20, 2008

                                                       CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE